IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANK GALLART,  :
   Plaintiff  :
     :
v.  :   CIV. NO. AMD 02-3833
     :
THE CITY OF FREDERICK, et al.,  :
   Defendants  :

...oOo...

MEMORANDUM

The residence of plaintiff Frank Gallart is next door to the defendant, the Frederick Presbyterian Church ("the Church"), in the City of Frederick ("the City"), a Maryland municipality. Over the years since 1998, the Church and its neighbors, particularly Gallart, and the Mayor and the Board of Aldermen of the City, have been engaged in an on-going dispute over the Church's attempts to expand its premises. The City's zoning administrator and the City Board of Appeals have rendered various determinations. In late 2001, the City and the Church entered into a revised memorandum of understanding which, essentially, grants the Church all or most of the relief it seeks. When Gallart sought review of the terms of the memorandum of understanding before the Board of Appeals, the Board of Appeals concluded that it lacked jurisdiction, apparently relying on the lack of any antecedent determination by the zoning administrator. Accordingly, Gallart sued in state court seeking mandamus and similar relief.

The City removed the case to this court on the theory that the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq.*, represents an instance of implied complete preemption. Gallart has timely moved for remand. Having reviewed the parties' memoranda, I agree with Gallart that the suggestion that his state law

claims are completely preempted by RLUIPA is specious.[*] *Cf. Law v. International Union of Operating Engineers Local No. 37*, 178 F.Supp.2d 534 (D.Md. 2002)(noting difference between "complete" preemption and "defensive" preemption under federal labor law). Accordingly, this case shall be remanded for lack of jurisdiction.

Even after plaintiff's attorney wrote to counsel for the City pointing out the manifest lack of any basis for the removal and requesting counsel's consent to a remand, the City inexplicably refused to do so and, instead, filed what can only be described-- charitably-- as a weak defense of its theory of complete preemption. It should have been clear to any moderately competent attorney that under no stretch of the legal imagination can it be said that a party such as Gallart, who complains that his rights are indirectly *burdened* by a government's reliance on RLUIPA to accommodate a land use request by a sectarian institution, has *asserted a claim under RLUIPA*. Accordingly, an award of attorney's fees is appropriate in this case. An order follows.

Filed: January 3, 2003

_____
ANDRE M. DAVIS
United States District Judge

---

[*]As one court recently summarized:
RLUIPA was enacted in response to the Supreme Court's decision in *City of Boerne v. Flores,* 521 U.S. 507 (1997), which held the [Religious Freedom Restoration Act] unconstitutional. 146 Cong. Rec. 1234, 1235 (July 14, 2000). The purpose of the Act was to "remedy the well documented discriminatory and abusive treatment suffered by religious individuals and organizations in the land use context." *Id.* at 1235. According to Congress, the Act achieves this end by imposing a strict scrutiny standard of review on the government if a claimant demonstrates that the government substantially burdened his or her free exercise of religion. 146 Cong. Rec. 7774 (July 27, 2000).
*Grace United Methodist Church v. City of Cheyenne,* --- F.Supp.2d --- 2002 WL 31831443, *7 (D.Wyo. December 16, 2002).